

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 25, 1969

Honorable O. N. Humphreys, Jr.
Administrator
Texas Liquor Control Board
Sam Houston State Office Building
Capitol Station
Austin, Texas   78711

Opinion No. M-479

RE: Whether changes of
the individual respon-
sible for management of
the premises under a Re-
tail Dealer's On-Premise
License or wine and beer
Retailer's permit must be
reflected upon the face
of the license or permit
prior to renewal date,
Dear Mr. Humphreys:              and related question?

        You request the opinion of this office as to whether
a change in the individual natural person designated to be
primarily responsible for the management of the premises
under a Retail Dealer's On-Premise License or Wine and Beer
Retailer's Permit must be reflected upon the face of the
license or permit prior to its renewal date.

        In the event such a change is required prior to renew-
al, you also ask whether the license or permit should be
amended, corrected, or supplemented, or whether an original
application must be filed.

        The Texas Liquor Control Act, Article 667-5, Vernon's
Ann. P.C. (as added by Chapter 38, page 99, Section 17A, Acts
of the 61st Legislature, Regular Session, 1969) requires the
following:

                "Section 5C.  Every Retail Dealer's
        On-Premise License and Wine and Beer
        Retailer's Permit shall contain the name
        of the individual natural person holding

- 2387 -

> such license or permit; or, <u>if the holder</u>
> <u>not be an individual natural person, such</u>
> <u>license or permit shall designate the name</u>
> <u>of the individual partner, officer, trustee</u>
> <u>or receiver who is primarily responsible for</u>
> <u>the management of the premises.</u> Every such
> <u>license and permit shall contain a photograph</u>
> <u>of the individual natural person holding such</u>
> <u>license or permit</u>; or, if the holder not be
> an individual natural person, <u>the designated</u>
> <u>natural person named therein.</u> Such photograph
> shall be not more than two years old and shall
> be furnished by the licensee or permittee. The
> Board is hereby vested with the power to pre-
> scribe the size and nature of such photograph,
> the manner of furnishing same, and the method
> of affixing such photograph to the license or
> permit." (Emphasis added).

It is the opinion of this office that the language used in Section 5C specifying that every license or permit contain the name and photograph of "the individual partner, officer, trustee or receiver who is primarily responsible for the management of the premises" imposes a continuing requirement. Therefore, any change in the designated individual natural person must be reflected on the face of the license or permit.

In answer to your second question, the Texas Liquor Control Board's authority to make such a change is provided by Article 666-15d, Vernon's Penal Code, Texas Liquor Control Act, the relevant parts of which provide that ". . . in case it is necessary to make any change in any . . . permit the Board is authorized to issue a . . . corrected permit."

The Act does not require an original application or re-newal whenever a different partner, officer, trustee, or re-ceiver is designated as the person primarily responsible for the management of the premises. Unlike the holder of a per-mit or license who is an individual natural person, a change by the entity of the person so designated does not involve a change of the license or permit holder. Section 5D and 5E apply only to "original" applications. Therefore the fingerprinting and investigation provisions of Section 5D and the hearing provisions of Section 5E are not applicable to an individual natural person designated by an entity as primarily responsible for the management of the premises in the existing license or permit subsequent to its original application.

Hon. O. N. Humphreys, Jr., page 3, (M- 479 )

However the Texas Liquor Control Board may refuse to renew the annual license or permit if such designated individual natural person has been finally convicted of certain offenses during the three years next preceding the filing of such renewal.

Section 5F,(b) and (c), provides that:

"(b)  The Texas Liquor Control Board shall refuse to issue any renewal of a Retail Dealer's On-Premise License or a Wine and Beer Retailer's Permit if it finds that the individual applicant, or the spouse of such applicant, has at any time during the three years next preceding the filing of application for such renewal been finally convicted of a felony, or any of the offenses listed in Subsection (a) of this Section, or if it finds that three years has not elapsed since the termination of any sentence, parole or probation served by the applicant, or the spouse of such applicant, as the result of a felony prosecution, or prosecution for any type of offense named in Subsection (a) of this Section.

"(c)  The word 'applicant' as used in this Section shall mean the individual natural person, if any, holding or applying for such license or permit; or, if the holder or applicant not be an individual natural person, the individual partner, officer, trustee or receiver who is primarily responsible for the management of the premises."

The offenses listed in Subsection (a) are the following:

"(1)  prostitution;
"(2)  vagrancy convictions involving moral turpitude;
"(3)  bookmaking;
"(4)  gambling (gaming);
"(5)  any offense involving narcotics or other dangerous drugs;
"(6)  violations of the Texas Liquor Control Act resulting in the cancellation of a license or permit, or a fine of not less than Five Hundred Dollars ($500);
"(7)  more than three violations of the Texas Liquor Control Act relating to minors;
"(8)  bootlegging;

"(9)   violation of penal law involving fire-
arms or other deadly weapons or if he
finds that three years has not elapsed
since the termination of any sentence,
parole or probation served by the appli-
cant, or the spouse of such applicant, as
the result of a felony prosecution, or
prosecution for any type of offense named
herein."

## SUMMARY

When a change is made of the individual natural
person designated to be primarily responsible for the
management of the premises of a Retail Dealer's On-
Premise License or Wine and Beer Retailer's Permit
prior to its renewal date, such change must be re-
flected on the License or Permit by showing on its
face the individual's name and photograph.

Such a change by the existing license or permit
holder must be effected by a corrected license or
permit.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles T. Rose
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Hon. O. N. Humphreys, Jr., page 5, (M- 479 )


Bill Corbusier
Michael Stork
David Longoria
Jay Floyd

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant